George McCoy, et al., Appellants,

*v.*

Sam McConnell et al, Appellees.

461 S.W.2d 948

(*Knoxville,* September Term, 1970.)

Opinion filed December 21, 1970.

Schoolfield & Taylor, Chattanooga, for appellants.

Samuel H. Payne, Assistant County Attorney, Hamilton County, Chattanooga, for appellees.

678

MR. CHIEF JUSTICE DYER delivered the opinion of the Court.

This case involves the authority of the School Board of Hamilton County, Tennessee, to transfer a teacher within the school system. Appellant, George McCoy, was transferred by the Board from his position as principal of John A. Patton School to the position of principal of Mountain Creek School. Appellant, by certiorari to the trial court, alleged his transfer violated certain rights inuring to his benefit, by virtue of Chapter 193, of the Private Acts of 1949, made applicable to Hamilton County by population classification.

The trial judge filed a memorandum opinion containing all necessary facts and the conclusions reached. We fully agree with such and are pleased to adopt the same as the opinion of this Court, which is as follows:

"It is not necessary for the court to review the pleadings in this memorandum, but only to state that the matter is before the court at this time on the petition for certiorari and the demurrer of the defendant, School Board.

This matter was previously before the court by certiorari and was remanded back to the School Board for hearing. Subsequently on November 12, 1969, the record indicates that petitioner wrote the board demanding copy

of any charges, conduct or neglect of duty, etc. and requested a board hearing on same. In response to this letter, the Board on December 12, 1969 advised petitioner that no charges or accusations were made and that petitioner was being transferred pursuant to Section 13 of the Teacher Tenure Act as principal of John A. Patton to Mountain Creek as principal, at the same rate of pay.

On January 8, 1970 the matter was again certioraried to this court for determination, subsequently after legal sparring by the parties, the Board demurred to the petition and among other things alleged admission by petitioner that he was transferred as principal and that his salary was not reduced. Petitioner admits in his petition, 'Altho the respondents might have been within their rights if the transfer had taken effect during the last school term.' The issue thus raised is whether or not the board acted within the scope of authority provided under the Teacher Tenure Act, and further, whether or not the issue is resolved by the pleadings alone. The Court thinks the issues are legally resolved in this manner and for the following reasons:

Section 3 of the act provides as follows:

Be it further enacted, That an employee shall not be dismissed or demoted except for improper conduct, inefficient service, or neglect of duty, and after charges, notice, hearing and determination thereof, as provided in this Act; or, for lack of funds or abolition of position, subject to the rights of the employee as hereinafter provided.

It appears from the pleadings that petitioner was a principal and was transferred to his new assignment as a principal, therefore, there was no *demotion*. Petitioner

was not charged with improper conduct, inefficient service, or neglect of duty.

Section 13 of the act provides as follows:

Be it further enacted, That nothing herein shall prevent the transfer of an employee from one position to another position of the same rank and pay.

It is admitted that the rank and pay under the new assignment are identical with the old.

Petitioner insists, however, that although his pay is technically the same as his former pay since his transfer was effective as of the new or 1969-1970 fall term and his successor may or may not have been given an increase over petitioner's salary, this amounts to a reduction. In the opinion of the Court, this position is untenable, in that the Act does not purport to control successor salaries or base any current or present right on successor rights.

It is the Court's opinion that the transfer was effected in strict compliance with Section 49-1306 of Tennessee Code Annotated, which reads as follows:

Continuing contract. Teachers in service and under control of the public elementary and high schools of Tennessee shall continue in such service until they have received written notice, from their board of education, of their dismissal or failure of reelection at least thirty (30) days prior to the close of the school term; provided the Board of Education may transfer any teacher from one position to another at its option.

In other words this transfer was executed during the 1968-69 term in compliance with this Act and it cannot be said that 1969-1970 salaries are involved as far as this

transfer is affected. It is further noted that this Act also provided, *'The Board of Education may transfer any teacher from one position to another at its option.'*

Petitioner insists upon being charged with some offense or neglect of duty when as far as this record goes there exists no such charges.

It is natural that petitioner could be disappointed, dissatisfied and even angry at being transferred from a school where he knows the students, the parents and the community to another where he must reacquaint and adjust himself to the new conditions.

It is also natural that some patrons of the former school and some students regret the transfer, but this is commonplace in all school systems, in other institutions and prevalent throughout industry. Since the tenure act and the above statute give this discretionary option and authority to the School Board, their judgment and authority must be superior to that of the individual teacher or principal, if the existence of any school board is necessary.

The School Board of Hamilton County is a legally constituted authority with members appointed by legally constituted public officials of this county. Their sole purpose is to operate the school system to the best interest of the citizens of this community and to the interest of excellent education.

The Board has many duties and responsibilities and with these duties there must be authority to operate the schools within their best concerted judgment and in such manner as best to serve their purpose. This is no insignificant task and requires excellent judgment, the

making of hundreds of decisions and particularly decisions affecting hundreds of teachers and principals and to exercise the authority necessary to accomplish this and,

It is the Court's opinion that the Board has rightfully transferred a valuable public servant, without any form of censure or criticism to a new and challenging assignment and he must accept same.

* * * * * *

This 24 day of March, 1970."

The judgment of the trial court is affirmed.

CHATTIN, CRESON, HUMPHREYS and McCANLESS, JUSTICES, concur.